```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DENIS QUICK,
                                              NOT FOR PUBLICATION
                    Plaintiff,
                                              MEMORANDUM AND ORDER
    -against-                                 16-CV-2646 (KAM)(LB)

KATHRYN GARCIA and NORMAN MARON,

                    Defendants.
----------------------------------X
```
**MATSUMOTO, United States District Judge**:

Plaintiff Denis Quick, proceeding *pro se*, filed this employment discrimination action on May 23, 2016. (ECF No. 1, Complaint.) The court grants plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons stated below, this action is dismissed with leave to file an amended complaint within thirty (30) days of this Order.

## BACKGROUND

The Complaint is filed on a form provided by the Eastern District of New York for *pro se* plaintiffs alleging discrimination in employment. The caption names "Commissioner Kathryn Garcia" and "Medical Director Norman Maron" as defendants, but does not identify their roles in the alleged discrimination. (Compl. at 1.) Plaintiff's place of employment is listed as "NYC Dept of Sanitation." (Compl. at 2.) Plaintiff checks a box on the Complaint designating this as an employment discrimination action brought pursuant to: (1) the

Americans with Disabilities Act of 1990; (2) 42 U.S.C. § 1983; and (3) "Article 78." (Compl. at 3-4.) In the "Statement of Claim" section, plaintiff alleges "Failure to accommodate my disability" and writes in "due process." (*Id.* at 4.) Plaintiff also checks a box on the Complaint for discrimination on the basis of "disability or perceived disability" and specifies "shoulder/hand injury." (*Id.* at 5.)

In the Complaint's statement of facts section, plaintiff alleges that he suffered an injury at work on February 18, 2015 and was placed on Line of Duty Injury ("LODI") status. (Compl. at 5.) Plaintiff further states: "At or about October/November, my status was changed. I was denied medical treatment and forced to use my private insurance. The department said that I was not injured by my fall from the garbage truck." (*Id.*) Plaintiff asserts that he is entitled to back pay and states that "medical treatment under LODI is better." (Compl. at 6.)

Plaintiff states that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on February 2, 2016, and that he received a Notice of Right to Sue letter on April 20, 2016. (*Id.* at 6.) An EEOC "Dismissal and Notice of Rights" statement dated April 20, 2016 is attached to the Complaint. (*Id.* at 8.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In reviewing the complaint, the court is mindful that a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant # 1,* 537 F.3d 185, 191-93 (2d Cir. 2008).

Courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), however, a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). Although

3

"detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

### I. Employment Discrimination Claim

Title I of the ADA makes it unlawful for an employer, employment agency, labor organization, or joint labor-management committee to discriminate against a qualified individual on the basis of disability in regard to terms, conditions, and privileges of employment. *See* 42 U.S.C. §§ 12111(2), 12112. In order to pursue a claim in federal court for employment discrimination under the ADA, a plaintiff is required to first file a charge of discrimination with the EEOC or a state or local agency charged with investigating claims of discrimination in employment, and receive a right-to-sue notice. *See Riddle v. Citigroup,* 449 Fed. Appx. 66, 69 (2d Cir. 2011) ("As a predicate to filing suit under [the ADA], a private plaintiff must first file a timely charge with the EEOC."). Title I of the ADA does not permit the imposition of liability on individuals in their individual or representative capacities. *Castro v. City of New*

4

*York*, 24 F. Supp. 3d 250, 259 (E.D.N.Y. 2014) (collecting cases).

A *prima facie* case of discrimination pursuant to the ADA requires a plaintiff to show that: (1) the employer is subject to the ADA; (2) the plaintiff was disabled within the meaning of the ADA; (3) the plaintiff was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) the plaintiff suffered an adverse employment action because of the disability. *Brady v. Wal-Mart Stores, Inc.,* 531 F.3d 127, 134 (2d Cir. 2008). "A plaintiff suffers an adverse employment action when she experiences a materially adverse change in the terms and conditions of employment." *Dechberry v. New York City Fire Dep't*, 124 F. Supp. 3d 131, 147 (E.D.N.Y. 2015) (internal quotation marks and citation omitted). Employment actions "deemed sufficiently disadvantageous to constitute an adverse employment action include a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Beyer v. Cnty. of Nassau,* 524 F.3d 160, 163 (2d Cir. 2008) (internal quotation marks and citation omitted).

Here, the Complaint fails to state a claim under the ADA. The named defendants, "Commissioner Kathryn Garcia" and "Medical Director Norman Maron," cannot be held liable in their individual capacities for alleged violations of the ADA. *See Castro*, 24 F. Supp. 3d at 259. Plaintiff's alleged employer, the City of New York Department of Sanitation, lacks legal existence and therefore is a non-suable entity. *See, e.g., Waheed v. City of New York Gun & License Div.*, No. 07-CV-179 SJF, 2007 WL 465569, at *2 (E.D.N.Y. Jan. 31, 2007) (dismissing claims against the City of New York Department of Sanitation as non-suable entity). The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the [C]ity of New York and not that of any agency, except where otherwise provided by law." New York City Charter, Ch. 17, § 396.

In addition, plaintiff has not adequately alleged that he was discriminated against in employment. The Complaint states that plaintiff was injured at work, but does not allege that plaintiff is disabled within the meaning of the ADA, or that he is otherwise qualified to perform the essential functions of his job. Plaintiff alleges that he lost his LODI status, but does not allege that this loss qualifies as an adverse employment action or that his status was changed because

6

of a disability. For these reasons, plaintiff's claim for relief pursuant to Title I of the ADA is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**II. Civil Rights Claim**

Plaintiff also cites 42 U.S.C. § 1983 as a possible basis for this court's jurisdiction. In order to maintain a Section 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* A plaintiff seeking to recover money damages pursuant to Section 1983 must establish that the named defendant was personally involved in the wrongdoing or misconduct complained of. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). Here, plaintiff has not alleged that the individually-named defendants, "Commissioner Kathryn Garcia" and "Medical Director Norman Maron," were personally involved in alleged violations of his constitutional rights or the decision to change his LODI status or re-categorize the cause of his injury. Nor has plaintiff alleged how the change in his status violated his constitutional rights. Accordingly, the Complaint

7

also fails to state a claim under Section 1983 and must be dismissed.

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of plaintiff's *pro se* status, the court grants plaintiff thirty (30) days leave to file an amended complaint. Plaintiff is advised that the amended complaint completely replaces the original complaint. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this order. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days. If plaintiff fails to file an amended complaint within 30 days, final judgment shall enter. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to serve a copy of this Memorandum and Order on the plaintiff and note service on the docket.

**SO ORDERED.**

Dated: July 5, 2016
      Brooklyn, New York

                                                  /s/
                                    KIYO A. MATSUMOTO
                                    United States District Judge