FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 14 2016 ★
BROOKLYN OFFICE
DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DENIS QUICK,

                Plaintiff,

    -against-

KATHRYN GARCIA, NORMAN MARON, and
THE CITY OF NEW YORK,

                Defendants.
----------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

16-CV-2646 (KAM)(LB)

**MATSUMOTO, United States District Judge:**

        Plaintiff Denis Quick, proceeding *pro se*, filed this employment discrimination action on May 23, 2016. (ECF No. 1, Complaint.) By Order dated July 5, 2016, the court granted plaintiff's request to proceed in *forma pauperis* pursuant to 28 U.S.C. § 1915 but dismissed the complaint for failure to state a claim, with leave to replead within thirty (30) days. (ECF No. 4.) On September 9, 2016, after receiving an extension of time to file, plaintiff timely filed an amended complaint. (ECF No. 6, Amended Complaint ("Am. Compl.").) The Amended Complaint is filed on two forms provided by the Eastern District of New York for *pro se* plaintiffs: on one form plaintiff alleges discrimination in employment, and on another form he alleges deprivation of constitutional rights pursuant to 42 U.S.C. § 1983. The submissions are docketed together and are collectively treated as the Amended Complaint. For the reasons

set forth below, the Amended Complaint fails to cure the deficiencies in the original Complaint and therefore is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The original Complaint purported to raise claims against two New York City employees pursuant to Title I of the Americans with Disabilities Act of 1990 ("ADA") and 42 U.S.C. § 1983 ("section 1983"). The Court dismissed the claims against "Commissioner Kathryn Garcia" and "Medical Director Norman Maron" because these individuals cannot be held liable in their individual capacities for alleged violations of the ADA and the Complaint failed to allege plaintiff was disabled under the ADA or that he suffered an adverse employment action on account of his disability.

The Amended Complaint adds the City of New York as a defendant (along with Garcia and Maron), but this addition does not cure the defective complaint. Plaintiff merely repeats the factual allegations from the original Complaint. (ECF No. 6 at 5.) As in the original Complaint, the Amended Complaint does not allege that plaintiff is disabled within the meaning of the ADA or that the loss of his Line of Duty Injury ("LODI") status constituted an adverse employment action. *See, e.g., Dechberry v. New York City Fire Dep't*, 124 F. Supp. 3d 131, 151 (E.D.N.Y. 2015) ("Without any factual specificity as to the alleged disability claimed and the major life activities affected, the

Complaint fails to plead that plaintiff was disabled."); *Emmons v. City Univ. of New York,* 715 F. Supp. 2d 394, 409 (E.D.N.Y. 2010) (plaintiff failed to plead disability because complaint did not properly "allege any substantial physical limitations"). Thus, the Amended Complaint fails to state a claim under Title I of the ADA.

The second half of the Amended Complaint alleges a "due process" violation pursuant to § 1983. Specifically, plaintiff alleges that Dr. Maron and the City of New York violated "[plaintiff's] right to be represented at any admin[i]strative decision making process." (ECF No. 6-1 at 4.) Plaintiff alleged that he "was denied authorizations to be treated for [his] injury under [his] LODI, Line of Duty Injury status." (*Id.* at 5.) The court liberally construes the Amended Complaint to allege a procedural due process claim.

"In order to maintain a section 1983 action, two essential elements must be present: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994). Where a plaintiff alleges violations of procedural due process "the deprivation by state action of a constitutionally protected interest in 'life,

liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law."* Reed v. Medford Fire Dep't, Inc., 806 F. Supp. 2d 594, 609 (E.D.N.Y. 2011) (citing *Zinermon v. Burch,* 494 U.S. 113, 125 (1990) (emphasis in original)). Therefore, "[t]o plead a violation of procedural due process, a plaintiff must plausibly allege that he was deprived of property without constitutionally adequate pre- or post-deprivation process." *J.S. v. T'Kach,* 714 F.3d 99, 105 (2d Cir. 2013) (citing *Ahlers v. Rabinowitz,* 684 F.3d 53, 62 (2d Cir. 2012)). "[A] plaintiff must 'first identify a property right, second show that the [government] has deprived him of *that* right, and third show that the deprivation was effected without due process.'" *Id.* (quoting *Local 342 v. Town Bd. of Huntington,* 31 F.3d 1191, 1194 (2d Cir. 1994)) (second alteration in original) (emphasis in original).

Plaintiff has not alleged that any defendant deprived him of a constitutional right. Other than broadly stating on the form complaint that his "right to be represented" was violated, plaintiff has alleged no facts identifying the circumstances by which process was due but not provided. Accordingly, plaintiff's due process claim fails to provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests," and must be dismissed. *Jenkins v. St.*

4

*Luke's-Roosevelt Hosp. Ctr.*, No. 09-CV-12, 2009 WL 3682458, at *9 (S.D.N.Y. Oct. 29, 2009).

## CONCLUSION

The Amended Complaint fails to correct the deficiencies of the original Complaint. Accordingly, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is respectfully requested to enter judgment, send copies of this Memorandum and Order, Judgement and appeals packet to the plaintiff, and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: October 14, 2016
      Brooklyn, New York

                                    /s/
                            KIYO A. MATSUMOTO
                            United States District Judge